UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-87 ADM/AJB

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RHONNA E. DOUGLAS,<br><br>Defendant,<br><br>MEYERS PRINTING COMPANY,<br><br>Garnishee. | ) | AGREED FINAL ORDER IN GARNISHMENT |

The parties, the United States of America, the defendant Rhonna E. Douglas, and the garnishee Meyers Printing Company, agree and stipulate as follows:

1. The defendant resides at 4538 Beard Avenue North, Robbinsdale, Minnesota 55422, and has a social security number of 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.

2. A judgment was entered against the defendant in this action in the amount of $5,464.59 plus interest at the rate of 6.197%, penalties and costs. A total balance due on the judgment is $5,702.48 as of February 21, 2002.

3. The garnishee, whose address is 7277 Boone Avenue North, Minneapolis, Minnesota 55428-1519, has in its possession, custody or control, property of the defendant in the form of wages paid to the defendant.

4. The defendant waives her right to a hearing under Section 3206 of the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3205 and any other process to which the defendant may

APR 12 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

be entitled under the FDCPA.

5. The garnishee waives being heard in this matter and any other process to which the garnishee may be entitled under the FDCPA.

6. The defendant agrees and stipulates that her wages are subject to garnishment under 28 U.S.C. § 3205 and expressly agrees and stipulates that the entry of a Final Order in Garnishment is proper.

7. The parties therefore agree and stipulate to entry of a Final Order in Garnishment against all the non-exempt wages of the defendant. It is expressly agreed and stipulated to by the parties that the garnishee shall pay to the United States the total sum of $170.00 per month, which shall be withheld from the wages owed to the defendant.

8. These sums are to be applied upon the judgment rendered in this case. These payments are to continue for a period of one year at which time the defendant shall submit additional financial information to the plaintiff and the agreed garnishment amount may be increased.

9. Checks should be made payable to the Department of Justice and mailed to 300 South Fourth Street, Room 600, Minneapolis, Minnesota 55415.

10. The plaintiff may pursue administrating offsets, including those by the Internal Revenue Service and the defendant specifically consents to the offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return

offsets will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

11. The defendant can at any time request an accounting of the funds garnished. However, the defendant hereby knowingly waives any rights that defendant might have under 28 U.S.C. §3205(c)(9) to any automatic accounting.

Dated: April 10, 2002

THOMAS B. HEFFELFINGER
United States Attorney

M. Trippler

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Dated:

Rhonna E. Douglas

RHONNA E. DOUGLAS
Defendant

Dated:

Nancy J. Lambertson

MEYERS PRINTING COMPANY
Garnishee

IT IS SO ORDERED.

Dated: 4/10/02

Magistrate Judge
United States District Court